IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRETT L. WALLACE,<br>Plaintiff, | ) | |
| v. | ) | 2: 12-cv-583 |
| COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | ) | |

MEMORANDUM and ORDER

Mitchell, M.J.:

Presently before the Court for disposition are cross motions for summary judgment. For the reasons set forth below, the plaintiff's motion (ECF.10 ) will be denied; the defendant's motion (ECF. 12) will be granted, and the Commissioner's determination will be affirmed.

On May 3, 2012, Brett L. Wallace, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.

On February 7, 2007, the plaintiff filed an application for disability benefits alleging that he had been disabled since February 27, 2004 (R.171-173), and benefits were denied on May 14, 2007 (R.71-73). On June 29, 2007, the plaintiff requested reconsideration of this determination (R.79), and upon reconsideration, and in a decision dated October 3, 2007, benefits were again denied (R.80-85). A hearing was held on June 16, 2010 (R.30-65). In a decision dated July 29,

2010, benefits were denied (R.14-25), and on October 1, 2010, reconsideration was requested (R.13). Upon reconsideration and in a decision dated February 24, 2012, the Appeals Council affirmed the prior determination (R.6-9). On May 3, 2012, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his burden of demonstrating that he was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008). The court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

At the hearing held on June 16, 2010 (R.30-65), the plaintiff appeared with counsel (R.32) and testified that he was born on August 29, 1956 (R.37); that he graduated from high school (R.37,55); that he worked as a coal mine shuttle car operator and mine equipment repairman (R.39-40); that he also worked as a coal mine mechanic and roof welder (R.40-41) and that he was injured at work in 2004 (R.42).

The plaintiff also testified that he experiences constant back pain (R.42-43); he is right handed (R.37,55) and his left thumb is fused (R.43); that he can sit, stand or walk for up to

twenty minutes (R.44,56); that he smokes marijuana to go to sleep (R.45); that he can lift five to ten pounds (R.46); that the only medication he takes is over the counter medication (R.45); that he sits around the house all day (R.47); that his doctor has indicated that at some time he will need surgery (R.51) and that he has had wrist, rotator cuff and meniscal surgery in the past (R.52).

At the hearing a vocational expert was called upon to testify (R.60-63). The witness described the plaintiff's past work as unskilled to skilled work at a medium exertional level (R.60). He further testified that if the plaintiff could only perform at the light work exertional level he would be precluded from performing his past work (R.61). However, he further testified that an individual of the plaintiff's age, education and work experience who could only perform at the medium exertional level could engage in a wide range of gainful employment (R.61-62). The same conclusion was said to be applicable if the plaintiff was limited to sedentary work (R.62). Additionally, the witness testified that if such an individual had to move around every fifteen minutes he could not be employed (R.63).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

In a report of a medical evaluation performed on April 26, 2007 a diagnosis of chronic back, neck, shoulder, wrist and left thumb pain as well as hypertension and hyperlipidemia was noted. It was observed that the plaintiff would have difficulty with prolonged standing and walking as well as performing prolonged grasping and repetitive left hand movements (R.277-291).

In a residual functional capacity evaluation completed on May 14, 2007 it is noted that the plaintiff could occasionally lift fifty pounds, frequently left twenty-five pounds and stand, walk or sit for about six hours (R.292-299).

The plaintiff was treated at the Faith Family Medical Center from January 2007 through September 2007 for high cholesterol and high blood pressure as well as right arm numbness (R.271-276, 305-311).

A Workers Compensation consent decree was entered on June 6, 2008 (R.187-188).

The plaintiff was treated at the Ohio State University Medical Center between January 7, 2005 and July 6, 2009 for pain arising from a herniated cervical disc and thoracic sprain injuries which occurred on February 27, 2004. He was limited to lifting ten pounds. Pain medication was prescribed but terminated when the plaintiff tested positive for illegal drugs. A consultant also noted that the plaintiff probably would never be able to return to work requiring heavy lifting (R.315-342).

An MRI performed on April 5, 2010 revealed degenerative disease at L5-S1, L3-L4 and L4-L-5 (R.344-347).

Reports from the Orthopedic Group for the period from March 30, 2010 through April 27, 2010 note cervical and lumbar herniated discs. The plaintiff received physical therapy (R.353-384).

In an orthopedic report dated June 11, 2010 work related head and neck injuries were noted (R.350).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500

F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

> Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.

In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:

> Bittel seeks to help those claimants with cases that so often fall within the spirit--but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules

set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

> Based on the evidence presented, the Commissioner concluded:
>
> The claimant meets the insured status requirements of the Social Security Act through December 31, 2010...
>
> The claimant has the following severe impairment: degenerative disc disease of the cervical thoracic and lumbar spine... I find the claimant has impairments that restrict his ability to perform basic work-related activities and thus are "severe" ...
>
> Although the claimant has impairments that are considered to be "severe," there is little to no medical evidence in the record to support a finding that the claimant's impairments, singly or in combination meet or equal the requirements set forth in the Listing of Impairments...
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for 6 hours each in an 8-hour workday; and climb stairs, stoop, and crouch occasionally. The claimant is precluded from climbing ladders, ropes, or scaffolds. This residual functional capacity is well supported by the record as a whole. The record does not contain evidence of abnormal clinical and laboratory findings sufficient to document any further degree of loss of function.
>
> Dr. Mary Wynd indicated that the claimant was restricted to a 20 pound lift limit ...
>
> The consultative physical examiner, Dr. Woskobnick, opined that the claimant "would have difficulty doing prolonged standing and walking activities."
>
> Dr. Christopher Emond opined that the claimant was precluded from lifting. Dr. Alexander Kandabarow concluded that the claimant ... was precluded from "use/repetitive/overhead/lifting/reaching." These two opinions are not corroborated by the totality of the medical evidence. Instead, it appears the doctors relied quite heavily on the claimant's subjective reports of symptoms and limitations...

In addition to the opinion evidence ... I considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence...

I carefully reviewed the entire medical record in this case and considered the claimant's testimony at the hearing. However, the record does not document sufficient objective medical evidence to substantiate the severity of the pain and degree of functional limitations alleged by the claimant. Moreover, the objective evidence fails to document the presence of any impairment or combination of impairments that could reasonably be expected to result in pain or other symptoms of such severity or frequency as to preclude the range of work described above. The evidence shows that findings on physical examinations were minimal.

In addition to the general lack of objective evidence to support his subjective complaints, there are other considerations that weigh against the claimant's overall credibility...

The record also contains inconsistent and exaggerated statements that further detract from the claimant's overall credibility...

As the subjective complaints in the record do not support further reduction of the established residual functional capacity, the claimant retains the residual functional capacity as described above...

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform...

The vocational expert's analysis is accepted as it not contradicted and his sources of data are considered reliable... accurately identify[ing] the types and approximate number of jobs that the claimant can perform. The jobs identified exist in several industries and are not of an isolated nature. Such jobs occur in the region where the claimant lives and would not require significant traveling to engage in such jobs ...

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate ... (R.13-25).

The record demonstrates that while the plaintiff experiences several skeletal impairments which prevent him from returning to his past work, he retains the residual functional capacity to engage in other work at the medium or sedentary level as discussed by the vocational expert. In addition, the Commissioner who is charged with resolving issues of credibility, Diaz v. Commissioner, 577 F.3d 500, 506 (3d Cir.2009), concluded that the plaintiff's subjective allegations as well as some of the medical evidence were not supported by the record. Accordingly, there is substantial evidence to support the conclusion of the Commissioner that the plaintiff is not disabled within the meaning of the Social Security Act.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. Lamont v. New Jersey, 637 F.3d 177, 181 (3d Cir.2011). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence. For this reason, the plaintiff's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and the decision of the Commissioner will be affirmed.

An appropriate Order will be entered.

ORDER

AND NOW, this 24th day of September, 2012, for the reasons set forth in the foregoing Memorandum, the plaintiff's motion for summary judgment (ECF. 10) is denied; the defendant's motion for summary judgment (ECF. 12) is granted, and the Commissioner's determination is affirmed.

s/ Robert C. Mitchell
United States Magistrate Judge